JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-05821-RGK (AJWx) | Date | October 20, 2016 |
|---|---|---|---|
| Title | *Jessica Najarro v. Chipotle Services, LLC, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**      **(IN CHAMBERS) Order Re: Plaintiff's Motion for Order Remanding Case to State Court (DE 10)**

## I. INTRODUCTION

On June 27, 2016, Plaintiff filed a Complaint in state court against Chipotle Services, LLC ("Chipotle"), Maria Javier Martinez ("Martinez"), and DOES 1 through 100 (collectively "Defendants"). After Chipotle fired her, Plaintiff alleged the following claims: (1) Pregnancy Discrimination, (2) Failure to Reasonably Accommodate Conditions Related to Pregnancy, (3) Denial of Pregnancy Leave, (4) Retaliation, (5) Failure to Provide Medical Leave, (6) Wrongful Termination, and (7) Wrongful Termination in Violation of Public Policy.

On August 4, 2016, Chipotle removed the case based on diversity jurisdiction. Presently before the Court is Plaintiff's Motion for Order Remanding Case to State Court ("Motion"). For the following reasons, the Motion is **GRANTED**.

## II. FACTUAL BACKGROUND

The following facts are alleged in the Complaint:

Chipotle hired Plaintiff as a food preparer in January 2008. After several promotions, Plaintiff became the General Manager of the Marina Del Rey location in November 2012. As General Manger, Plaintiff's direct supervisor was Martinez, the location's Area Manager. A couple years later, Plaintiff became pregnant. On July 14, 2014, Plaintiff's physician diagnosed her with elderly multigravida[1] and declared her pregnancy high risk. Consequently, Plaintiff's physician provided her with a note for her employer that restricted her work activity to five days per week and seven hours per day. Plaintiff then

---

[1] Elderly multigravida is a term referring to a woman older than 35 years at the expected date of delivery who has previously been pregnant. Fertility in Older Women – Does Age Affects Infertility ?, Health Doctrine, http://healthdoctrine.com/fertility-in-older-women-does-age-affects-infertility/ (last visited Oct 5, 2016).

provided Defendants with her physician's note, requesting the work accommodation or to be placed on medical leave. On July 17, 2014, Martinez informed Plaintiff that she was suspended until further notice. The following day, Martinez notified Plaintiff that she was terminated.

On June 27, 2016, Plaintiff filed a Complaint in state court against Defendants. On August 4, 2016, Chipotle removed the case and, on September 2, 2016, Plaintiff filed the present Motion to remand the case back to state court.

### III.   JUDICIAL STANDARD

A defendant may remove a case from state court when federal court has original jurisdiction. 28 U.S.C. § 1441(a). A defendant seeking to remove a case must file in the district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places on the defendant the burden to show that removal is proper by a preponderance of the evidence. *Id.* at 566–67.

### IV.   DISCUSSION

This Motion turns on whether the Court has subject matter jurisdiction. Chipotle argues that the Court has subject matter jurisdiction through diversity. District courts have diversity jurisdiction over all civil actions where (a) the amount in controversy exceeds $75,000, and (b) complete diversity exists between citizens of different states. 28 U.S.C. § 1332.

#### A.   Amount in Controversy Exceeds $75,000

Chipotle sufficiently demonstrates, and Plaintiff does not dispute, that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. Therefore, this requirement is satisfied.

#### B.   Complete Diversity Does Not Exist

It is undisputed that Plaintiff is a California citizen. Defendant Chipotle is a citizen of Delaware and Colorado, and Defendant Martinez is a California citizen. Since there are California citizens on both sides of the action, there does not appear to be complete diversity. The Court must consider, however, whether the non-diverse defendant is a sham defendant, or was fraudulently joined.

Chipotle argues that Martinez is a sham defendant, or was fraudulently joined. The citizenship of sham defendants and those who were fraudulently joined will not be considered for purposes of determining diversity jurisdiction. *Ritchy v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Joining a non-diverse defendant is fraudulent if the plaintiff obviously fails to state a claim against that defendant according to the settled rules of the state. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1988). When fraudulent joinder is at issue, "the Court may look beyond the pleadings." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). However, there is a strong presumption against finding fraudulent joinder. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

The Court, therefore, must determine whether Martinez is a sham defendant or was fraudulently joined. As such, the Court needs to decide whether Plaintiff can state a claim against Martinez under settled California law. Since it appears that Plaintiff may not bring any of her specifically pled claims

against Martinez[2], the Court must determine whether Plaintiff brings an Intentional Infliction of Emotional Distress ("IIED") claim against Martinez that would destroy subject matter jurisdiction and require remand. The Court first addresses whether a claim that was not specifically pled, but which is nonetheless supported by the facts in a complaint, can suffice to make a defendant non-fraudulent. The Court then addresses whether Plaintiff has alleged facts sufficient to support an IIED claim against Martinez.

### 1. *Statement of a Claim Need Not Be Explicit*

California courts widely agree that whether a claim is explicitly stated is "of no importance if the pleading in substance states the facts showing the relief to which the pleader is entitled." *Bank of America Nat'l Trust & Sav. Ass'n v. Gillett*, 36 Cal. App. 2d 453, 455 (1940) (internal citations omitted). In such a case, "the pleader may have the relief which the facts established justify, though that relief may not be exactly what he thought he was entitled to." *Gillett*, 36 Cal. App. 2d at 455 (internal citations omitted); *see also Zellner v. Wassman*, 184 Cal. 80, 88 (1920) (stating "it is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery") (internal citations omitted); *Rogers v. Duhart*, 97 Cal. 500, 504 (1893) (holding that "under our system, if the facts alleged and proved are such as would have entitled the plaintiff to relief under any of the recognized forms of action at common law, they are sufficient as the basis of relief, whatever it may be").

Thus, if the facts alleged in Plaintiff's Complaint are sufficient to support an IIED claim against Martinez, Plaintiff may have a valid claim against Martinez, even though she failed to explicitly plead it in her Complaint.

### 2. *Sufficiency of IIED Claim Against Martinez*

Under California law, the elements of IIED are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir. 1996) (internal citation omitted).

Generally, management of personnel and termination of an employee are not extreme and outrageous conduct. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (Cal. Ct. App. 1996); *Pitman v. City of Oakland*, 197 Cal. App. 3d 1037, 1047 (1988). However, a "claim of intentional infliction of emotional distress can be asserted against a manager, where the behavior goes beyond the act of termination or other management activity . . . [i]n fact, courts ordinarily find IIED claims based on workplace harassment or discrimination viable even where asserted against individual supervisors." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *9 (C.D. Cal. July 15, 2015). IIED claims are not barred where managerial conduct contravenes public policy or constitutes discrimination. *See Livitsanos v. Superior Court*, 2 Cal. 4th 744, 755 (1992); *see also Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 288 (2009) (holding a claim for IIED arising out of employment "is not barred where the distress is engendered by an employer's illegal discrimination practices. Neither discrimination nor harassment is a normal incident of employment.").

---

[2] Individual supervisors "may not be sued under the FEHA for alleged discriminatory acts . . . [and] may not [be sued] individually for wrongful discharge in violation of public policy." *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998).

    Here, Plaintiff's allegations concerning Martinez relate to her personnel decisions. Plaintiff specifically alleges that (1) Martinez refused Plaintiff's request for accommodation or leave for her high risk pregnancy, and (2) Martinez suspended and then terminated Plaintiff days after receiving Plaintiff's request. Taken together in the light most favorable to the Plaintiff, these allegations raise an inference that Martinez discriminated against Plaintiff based on her pregnancy. As discriminatory acts contravene fundamental public policy, Plaintiff may satisfy the first element of her IIED claim against Martinez.

    The facts alleged, viewed in the light most favorable to Plaintiff, show she may also satisfy the second and third elements of her IIED claim against Martinez. Plaintiff alleged in her Complaint that Defendants caused "her to suffer emotional and mental distress, anguish, embarrassment, and humiliation" as a direct and proximate result of Defendants' discriminatory conduct, which deprived her "of the security, solace, and peace of mind for which she entered the employment relationship." (Compl. ¶¶ 20-21, 29-30, 38-39, 47-48, 56-57, ECF. No. 1-1.)

    Since the facts alleged in her Complaint, viewed in the light most favorable to the Plaintiff, show that she may establish all three elements of an IIED claim, Defendants fail to satisfy their burden to demonstrate that Plaintiff has no possibility of stating a claim against Martinez.[3] As such, Chipotle has not demonstrated that Martinez was fraudulently joined, and therefore, the Court cannot disregard Martinez's citizenship in evaluating whether diversity jurisdiction exists. Since Martinez and Plaintiff are both citizens of California, the Court finds that diversity jurisdiction does not exist, and that the Court thus lacks subject matter jurisdiction.

## V.    CONCLUSION

    In light of the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. This case shall thus be remanded to state court.

    **IT IS SO ORDERED.**

                                    **:**

                **Initials of Preparer**

---

[3] Due to the presumption against finding fraudulent joinder, even if Plaintiff's allegations do not fully state an IIED claim against Martinez, Chipotle must show there is *no possibility* that Plaintiff could establish a cause of action in state court against Martinez. *Hunter*, 582 F.3d at 1044–46. Chipotle fails to show that Plaintiff could not cure any defects by amendment if a state court deems her allegations insufficient.